UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

TONY MCGEE                                                      PLAINTIFF

VS.                                    CIVIL ACTION NO: 3:12CV181TSL-MTP

ANDREW MONTGOMERY, DEPUTY SHERIFF
OF LINCOLN COUNTY, MISSISSIPPI;
JOHNNY HALL, JR., DEPUTY SHERIFF
OF LINCOLN COUNTY, MISSISSIPPI;
STEVE HENRY RUSHING, SHERIFF OF
LINCOLN COUNTY, MISSISSIPPI,
LINCOLN COUNTY SHERIFF DEPARTMENT                              DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of defendants Andrew Montgomery and Johnny Hall, Jr., deputy sheriffs of Lincoln County, Mississippi, and Lincoln County, for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff Tony McGee has not responded to the motion and the time for doing so has passed. The court, having considered the memoranda of authorities, together with attachments, concludes the motion is well taken and should be granted.

Plaintiff brought the present action pursuant to 42 U.S.C. § 1983 charging violations of his civil rights by Lincoln County, Lincoln County Sheriff Steve Henry Rushing, in his individual and official capacity, and against Sheriff's Deputies Andrew Montgomery and John Hall, Jr., in their individual and official capacities, based on allegations that he was wrongfully stopped,

illegally searched and falsely arrested and was subjected to a violation of his right to equal protection.  The court has previously dismissed the individual-capacity claims against Sheriff Rushing, and the remaining defendants have now moved for summary judgment on all of plaintiff's claims.

The uncontroverted evidence, including affidavits of Deputies Montgomery and Hall, and of MDOC Officer Floyd, establish the following facts.  In September 2009, following his release from prison on a manslaughter conviction, plaintiff was placed on probation for five years and subject to a post-release supervision order which required that he regularly report to his probation officer as directed by the probation officer and the court.  On May 18, 2010, Lincoln County Sheriff's Deputies Andrew Montgomery and Johnny Hall, Jr. were in a Lincoln County Sheriff's Department cruiser, along with plaintiff's probation officer Mississippi Department of Corrections (MDOC) Field Officer Troy Floyd. Montgomery was operating the vehicle, and Deputy Hall and Officer Floyd were passengers.  Officer Floyd saw plaintiff pass by in a black vehicle and requested that Deputy Montgomery pull plaintiff over since plaintiff had failed to report to Floyd as required by the court's post-release supervision order.  Montgomery did so. Upon stopping plaintiff's vehicle, Officer Floyd and Deputy Montgomery got out of the sheriff's vehicle and approached plaintiff's car.  Deputy Montgomery remained at the rear of

plaintiff's vehicle while Officer Floyd approached plaintiff. The two engaged in a discussion, following which Officer Floyd searched plaintiff's vehicle. In the course of the search, Officer Floyd found a handgun, whereupon Deputy Montgomery placed plaintiff under arrest for being a convicted felon in possession of a firearm. Upon these undisputed facts, defendants are clearly entitled to summary judgment.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Here, summary judgment is proper as to Deputy Hall in his individual capacity, as the evidence establishes that he was merely present in the Sheriff's cruiser with Deputy Montgomery and Officer Floyd; he did not participate in the decision to stop plaintiff, to search his vehicle or to arrest plaintiff. See Hillhouse v. Spann, Civ. Action No. 3:11cv101-DPJ-FKB, 2012 WL 3000593, 1 (S.D. Miss. July 3, 2012) ("There is no respondeat superior liability under § 1983. Rather, § 1983 liability requires a plaintiff to prove that a defendant directly participated in the denial of his constitutional rights.")(citing Monnell v.. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978)).

In the motion, Deputy Montgomery contends he cannot be liable in his individual capacity for the alleged unlawful search, as he did not participate in the decision to search plaintiff's car or

the search itself.  Further, he contends that he is entitled to qualified immunity for his involvement in the stop of plaintiff's vehicle at Officer Floyd's request and his arrest of plaintiff upon Officer Floyd's discovery of the handgun.  More specifically, he contends he had reasonable suspicion to stop plaintiff for violation of the terms of his probation, and probable cause to arrest for the offense committed in his presence.

"The doctrine of qualified immunity protects government officials 'from liability from civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Pearson v. Callahan, 555 U.S. 223, 231, 129 S. Ct. 808, 172 L. Ed.2d 565 (2009)(quoting Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982)).  The qualified immunity inquiry has two prongs:  "(1) whether the plaintiff has alleged the violation of a clearly established constitutional right, and (2) if so, whether the defendant's conduct was objectively unreasonable in the light of the clearly established law at the time of the incident." Domino v. Texas Dept. of Criminal Justice, 239 F.3d 752, 755 (5th Cir. 2001) (internal quotation marks and citation omitted).  "Objective reasonableness is a matter of law for the courts to decide[.]" Williams v. Bramer, 180 F.3d 699, 702 (5th Cir. 1999).  The relevant inquiry "is whether a reasonable person would have

4

believed that his conduct conformed to the constitutional standard in light of the information available to him and the clearly established law." Goodson v. City of Corpus Christi, 202 F.3d 730, 736 (5th Cir. 2000) (citing Gutierrez v. City of San Antonio, 139 F.3d 441, 447 (5th Cir. 1998)). "Even law enforcement officials who 'reasonably but mistakenly [commit a constitutional violation]' are entitled to immunity." Hunter v. Bryant, 502 U.S. 224, 227, 112 S. Ct. 534, 116 L. Ed. 2d 589 (1991) (quoting Anderson v. Creighton, 483 U.S. 635, 641, 107 S. Ct. 3034, 97 L. Ed.2d 523 (1987)).

Montgomery submits that reasonable suspicion existed to justify his stop of plaintiff's vehicle based on the information provided him by Officer Floyd that plaintiff was in violation of the terms of his probation. Pursuant to Terry v. Ohio, 392 U.S. 1, 30, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968), police officers may stop and briefly detain an individual for investigative purposes if they have reasonable suspicion that criminal activity is afoot. Under the two-prong Terry inquiry, a traffic stop is valid if it is (1) justified at its inception and (2) reasonably related in scope to the circumstances that justified the interference in the first place. United States v. Swan, 259 Fed. Appx. 656, 659, 2007 WL 4395701, 2 (5th Cir. 2007).

> "Reasonable suspicion must be supported by particular
> and articulable facts, which, taken together with
> rational inferences from those facts, reasonably warrant

> an intrusion." United States v. Michelletti, 13 F.3d 838, 840 (5th Cir. 1994) (en banc). "The officer, of course, must be able to articulate something more than an 'inchoate and unparticularized ... "hunch"'. The Fourth Amendment requires 'some minimal level of objective justification' for making the stop." United States v. Sokolow, 490 U.S. 1, 7, 109 S. Ct. 1581, 104 L. Ed. 2d 1 (1989) (citations omitted). Nevertheless, "[t]his reasonable suspicion standard is less demanding than the probable cause standard[.]" United States v. Sanders, 994 F.2d 200, 203 (5th Cir.1993).
>
> "The presence or absence of reasonable suspicion must be determined in light of the totality of the circumstances confronting a police officer, including all information available to the officer at the time of the decision to stop a person." United States v. Silva, 957 F.2d 157, 160 (5th Cir. 1992). "Factors that ordinarily constitute innocent behavior may provide a composite picture sufficient to raise reasonable suspicion in the minds of experienced officers[.]" United States v. Holloway, 962 F.2d 451, 459 (5th Cir. 1992).

Goodson v. City of Corpus Christi, 202 F.3d 730, 735-737 (5th Cir. 2000). Clearly, Deputy Montgomery's decision to initiate an investigatory stop based upon information from plaintiff's probation officer that plaintiff was violating the terms of his probation was reasonable under Terry. See United States v. Lish, No. CR-10-100-E-BLW, 2010 WL 3211084, 4 (D. Idaho Aug. 12, 2010) (finding that facts "gave the police reasonable suspicion that Lish was committing a crime or that he had violated the terms of his probation, and justified a stop of his vehicle").[1] It is

---

[1]. Moreover, as defendants note, although Montgomery only stopped the vehicle and did not participate in the ensuing investigation by Officer Floyd, the stop lasted only a matter of minutes before Floyd undertook the search which revealed the

6

clear, too, that upon Officer Floyd's discovery of the gun, Deputy Montgomery had probable cause to arrest plaintiff for possession of a firearm in violation of Mississippi Code Annotated § 97-37-5, which makes it unlawful for any person who has been convicted of a felony to possess a firearm.

Plaintiff purports to charge a violation of his equal protection rights, alleging that he was subjected to "discriminatory treatment." A plaintiff can demonstrate an equal protection claim by providing evidence that a state actor intentionally discriminated against him because of membership in a protected class or that he has been intentionally treated differently from others similarly situated and there is no rational basis for the disparate treatment. See Williams v. Bramer, 180 F.3d 699, 705 (5th Cir. 1999); Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S. Ct. 1073, 145 L. Ed. 2d 1060 (2000)(class of one claim). However, in response to defendants' motion, plaintiff has offered no evidence of either. See Kovacic v. Villarreal, 628 F.3d 209, 212 (5th Cir. 2010) (stating that "where ... a defendant moves for summary judgment and correctly points to an absence of evidence to support the plaintiff's claim on an issue as to which plaintiff would bear the burden of proof at trial, then summary judgment should be granted for the

---

handgun, for which plaintiff was arrested.

7

defendant unless the plaintiff produces summary judgment evidence sufficient to sustain a finding in plaintiff's favor on that issue") (citing Anderson v. Liberty Lobby Inc., 477 U.S. 242, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548, 2552-53, 91 L. Ed. 2d 265 (1986)).

As plaintiff has failed to establish any underlying constitutional violation, his claims against Lincoln County, and against Deputies Montgomery and Hall in their official capacities, fail as a matter of law. See Becerra v. Asher, 105 F.3d 1042, 1047-1048 (5th Cir. Tex. 1997) (holding that "without an underlying constitutional violation, there can be no § 1983 liability imposed on the [governmental entity]").

Based on the foregoing, it is ordered that defendants' motion for summary judgment is granted.

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this 11th day of January , 2013.

/s/Tom S. Lee
UNITED STATES DISTRICT JUDGE